**FILED**
**DECEMBER 10, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**07 C 6939**

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE BROWN**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HALL FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Der-Yeghiayan |
| ) | |
| KIRK L. HILL, ) | No. |
| ) | |
| Defendant-Petitioner, ) | (formerly No. 04 L 180 in the Circuit |
| ) | Court of Lake County, Illinois) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## NOTICE OF REMOVAL

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, hereby removes this action from Illinois state court pursuant to 28 U.S.C. § 2679(d)(3), and in support thereof states as follows:

1.  This action arises out of an assault by defendant-petitioner Hill against plaintiff Foster occurring at the Naval Training Center in Great Lakes, Illinois. Hill is a former member of the SEa Air Land (SEAL) forces operated by the United States Navy. In this action, Hill seeks a judicial determination that he was acting within the scope of his federal employment at the time of his assault on Foster.

2.  On May 17, 2006, this court issued a memorandum opinion finding that Hill was *not* acting within the scope of his federal employment at the time of the incident giving rise to this lawsuit. Accordingly, the court dismissed the United States from this action and remanded it to Illinois state court.

3.      On August 13, 2007, the Seventh Circuit dismissed Hill's appeal of this action for lack of jurisdiction.

4.      On December 3, 2007, Hill filed a renewed petition in Illinois state court seeking a judicial certification that he *was* acting within the scope of his federal employment at the time of the assault, and further requesting that the United States be substituted for him as the sole defendant. Attached hereto as Exhibit 1 is a copy of Hill's renewed petition and accompanying memorandum.

5.      When a petition is filed in a state court proceeding seeking a certification of scope of federal employment, as has occurred here, the action may be removed to federal court by the Attorney General pursuant to 28 U.S.C. § 2679(d)(3).

WHEREFORE, this action is properly removed from Illinois state court.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Samuel S. Miller
SAMUEL S. MILLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9083

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that he caused a copy of the following document:

    **Notice of Removal**

to be served pursuant to the district court's ECF system and by hand delivery on the person(s) listed below, on December 10, 2007.

                                                  s/ Samuel S. Miller
                                                  SAMUEL S. MILLER
                                                  Assistant United States Attorney
                                                  219 South Dearborn Street
                                                  Chicago, Illinois 60604
                                                  (312) 886-9083

Steven B. Borkan
David Allen
Stellato & Schwartz, Ltd.
120 N. LaSalle Street, 34th Floor
Chicago, Illinois 60602
Attorneys for petitioner-defendant

Eric J. Parker
Stotis & Baird Chartered
200 W. Jackson, Suite 1050
Chicago, Illinois 60606
Attorney for plaintiff