UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HALL FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| KIRK L. HILL, | ) | No. 07 C 6939 |
| | ) | |
| Defendant-Petitioner, | ) | (formerly No. 04 L 180 in the Circuit |
| | ) | Court of Lake County, Illinois) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**JOINT INITIAL STATUS REPORT**

Defendant/Petitioner, Kirk L. Hill, by and through his attorneys, Stellato & Schwartz,

plaintiff James Foster, by and through his attorneys, Stotis & Baird Chartered, and Respondent, the

United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District

of Illinois, submit the following Joint Status Report, following the parties' Rule 26(f) conference

held on January 22, 2008.

1.    **Basis for federal jurisdiction.**

28 U.S.C. § 2679(d)(3).

2.    **Nature of claims and counterclaims.**

This action arises out of an assault by defendant-petitioner Hill against plaintiff Foster

occurring at the Naval Training Center in Great Lakes, Illinois.  Hill is a former member of the SEa

Air Land (SEAL) forces operated by the United States Navy.

On October 21, 2005, Hill filed a petition in Illinois state court seeking a judicial determination that he was acting within the scope of his Navy employment at the time of his alleged assault on Foster, and further requesting that the United States be substituted for him as the sole defendant. In response, the United States removed this action to federal court, the parties conducted discovery limited to the scope of Hill's federal employment, and this court ultimately issued a memorandum opinion denying Hill's petition on May 17, 2006. In its opinion, this court found that Hill was not acting within the scope of his federal employment at the time of the incident giving rise to this lawsuit, dismissed the United States and remanded this action back to Illinois state court in accordance with 28 U.S.C. § 2679(d)(3).

On August 13, 2007, the Seventh Circuit dismissed Hill's appeal of this court's decision denying his petition. The Seventh Circuit found that it lacked jurisdiction over Hill's appeal due to its recent and intervening holding in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007). None of the parties sought a rehearing of the Seventh Circuit's dismissal.

On December 3, 2007, Hill filed a renewed petition in Illinois state court again seeking a scope of federal employment certification, which the United States removed on December 10, 2007. The United States does not expect to file any counterclaim against Hill or Foster, but does anticipate seeking a denial of Hill's renewed petition that will allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal.

3.    **Relief sought by petitioner.**

Defendant/petitioner Hill seeks to have this Court: (1) certify that he was acting within the scope of his federal employment as a United States Navy SEAL member; (2) strike the scope

2

certification issued by the United States Attorney for the Northern District of Illinois; and (3)

substitute the United States of America as the sole defendant in this action.

4.    **Names of parties not served**.

    None.

5.    **Principal legal issues.**

    How can the court rule on Hill's renewed petition such that Hill can take a proper appeal to

the Seventh Circuit and avoid the jurisdictional problems of Hill's prior appeal.

    Hill contends that there is also a legal issue as to whether he was acting within the scope of

his federal employment as a United States Navy SEAL when he struck plaintiff Foster in the gym

of the Great Lakes Naval base.

6.    **Principal factual issues**.

    None.

7.    **List of pending motions and brief summary of bases for motions.**

    The only pending motion is Hill's renewed petition seeking a scope of federal employment

certification.    The basis of that motion is Hill's affidavit, deposition and the Navy's NCIS

investigation.

8.    **Description of discovery requested and exchanged.**

    The parties completed discovery regarding the scope of Hill's federal employment during the

prior removal of this action.

9.    **Type of discovery needed.**

    None.

10.    **Agreed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order.**

Due to the prior removal of this action, the parties agree that no dates are necessary for Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion, or a final pretrial order. As set forth above, the United States seeks a denial of Hill's renewed petition that will allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal. Accordingly, the United States requests that the court set a schedule for the parties to brief this issue.

11.    **Estimation of when the case will be ready for trial.**

Due to the prior removal of this action, the parties agree that there is no need for an evidentiary hearing or trial.

12.    **Probable length of trial.**

Not applicable.

13.    **Whether a request has been made for a jury trial.**

Not applicable.

14.    **Whether there have been settlement discussions and if so the outcome of those discussions.**

There were settlement discussions during the prior appeal of this case, but the parties were unable to reach a compromise.

15.    **Whether the parties consent to proceed before a Magistrate Judge.**

There is not unanimous consent to proceed before a magistrate judge at this time.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.

By:    s/ David S. Allen
      David S. Allen

STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/petitioner KIRK L. HILL
120 N. La Salle Street
34th Floor
Chicago, Illinois  60602
(312) 419-1011

STOTIS & BAIRD CHARTERED

By:    s/ Eric J. Parker
      Eric J. Parker

STOTIS & BAIRD CHARTERED
Attorneys for Plaintiff JAMES FOSTER
200 West Jackson Boulevard
Suite 1050
Chicago, Illinois  60606
(312) 461-1000

PATRICK J. FITZGERALD
United States Attorney

By:    s/ Samuel S. Miller
      Samuel S. Miller

Attorneys for Respondent UNITED STATES OF AMERICA
219 South Dearborn Street
Chicago, Illinois  60604
(312) 886-9083