UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HALL FOSTER, </br></br>       Plaintiff, </br></br>       v. </br></br>KIRK L. HILL, </br></br>       Defendant-Petitioner, </br></br>       v. </br></br>UNITED STATES OF AMERICA, </br></br>       Respondent. | Judge Der-Yeghiayan </br></br>No. 07 C 6939 </br></br>(formerly No. 04 L 180 in the Circuit Court of Lake County, Illinois) |

**JOINT JURISDICTIONAL STATUS REPORT**

Defendant/Petitioner, Kirk L. Hill, by and through his attorneys, Stellato & Schwartz, plaintiff James Foster, by and through his attorneys, Stotis & Baird Chartered, and Respondent, the United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, submit the following Joint Jurisdictional Report, following the parties' Rule 26(f) conference held on January 22, 2008.

**I.    Subject Matter Jurisdiction**

This action arises out of an assault by defendant-petitioner Hill against plaintiff Foster occurring at the Naval Training Center in Great Lakes, Illinois. Hill is a former member of the SEa Air Land (SEAL) forces operated by the United States Navy.

On October 21, 2005, Hill filed a petition in Illinois state court seeking a judicial determination that he was acting within the scope of his Navy employment at the time of his alleged assault on Foster, and further requesting that the United States be substituted for him as the sole

defendant. In response, the United States removed this action to federal court, the parties conducted discovery limited to the scope of Hill's federal employment, and this court ultimately issued a memorandum opinion denying Hill's petition on May 17, 2006. In its opinion, this court found that Hill was not acting within the scope of his federal employment at the time of the incident giving rise to this lawsuit, dismissed the United States and remanded this action back to Illinois state court in accordance with 28 U.S.C. § 2679(d)(3).

On August 13, 2007, the Seventh Circuit dismissed Hill's appeal of this court's decision denying his petition. The Seventh Circuit found that it lacked jurisdiction over Hill's appeal due to its recent and intervening holding in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007). None of the parties sought a rehearing of the Seventh Circuit's dismissal.

On December 3, 2007, Hill filed a renewed petition in Illinois state court again seeking a scope of federal employment certification, which the United States removed on December 10, 2007. The parties agree that Hill's renewed petition was properly removed by the United States, and that the court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 2679(d)(3). Section 2679(d)(3) provides in pertinent part:

> (3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. . . . In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines

> that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3).

## II.    Venue (Petitioner's Position)

Under § 2679(d)(3), if a motion to challenge a scope-of-employment decision is filed in state court, the United States may remove the motion to the district court and division "embracing the place in which it is pending."  Because the underlying litigation was pending in the Circuit Court of Lake County, Illinois, the United States properly removed the motion to this court.

        Respectfully submitted,

        STELLATO & SCHWARTZ, LTD.


        By:    s/ David S. Allen
                David S. Allen

STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/petitioner KIRK L. HILL
120 N. La Salle Street
34th Floor
Chicago, Illinois  60602
(312) 419-1011

        STOTIS & BAIRD CHARTERED


        By:    s/ Eric J. Parker
                Eric J. Parker


STOTIS & BAIRD CHARTERED
Attorneys for Plaintiff JAMES FOSTER
200 West Jackson Boulevard
Suite 1050
Chicago, Illinois  60606
(312) 461-1000

        PATRICK J. FITZGERALD
        United States Attorney


        By:    s/ Samuel S. Miller
                Samuel S. Miller

Attorneys for Respondent UNITED STATES OF AMERICA
219 South Dearborn Street
Chicago, Illinois  60604
(312) 886-9083