Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6939 | **DATE** | 1/31/2008 |
| **CASE TITLE** | James Hall Foster vs. Kirk L Hill | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, we reaffirm our earlier decision dated 05/17/06 in case number 05 C 6175, dismiss the petition, and once again remand the action to the Circuit Court of Lake County (04 L 180). All pending dates and motions are hereby stricken as moot.

■[ For further details see text below.]    Docketing to mail notices.

### STATEMENT

    This matter is once again before the court on the removal of this action by the United States from state court. Previously, on October 26, 2005, the United States removed an action from state court involving the same parties, the same facts, and the same issues (05 C 6175). In the state court action, Defendant Kirk L. Hill ("Hill") had filed a petition requesting that the court certify that Hill was acting within the scope of his employment when he struck Plaintiff James Hall Foster ("Foster"). The Attorney General of the United States had declined to certify that Hill was acting within the scope of his employment at the time of the incident. The removal was pursuant to 28 U.S.C. § 2679 (d)(3), which states in part:

> In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3). On May 17, 2007, after we gave the parties an opportunity to brief the issues, we found that the Attorney General's finding that Hill was not acting within the scope of his employment when

| STATEMENT |
|---|

he struck Foster was correct, we dismissed his petition, and we remanded the action to state court. Hill appealed our decision to the United States Court of Appeals for the Seventh Circuit. On August 13, 2007, the Seventh Circuit dismissed the appeal and stated:

> The Westfall Act requires that if the Attorney General declines to certify that an employee was acting within the scope of employment, and if the district court agrees, then 'the action or proceeding shall be remanded to the State court.' 28 U.S.C. § 2679(d)(3). However, '[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.' 28 U.S.C. § 1447(d). Given that the Westfall Act mandates that the district court remand the case to the state courts once it agrees that the defendant was not acting within the scope of federal employment, the question before us is whether the general bar against appellate review of remand orders precludes review in this case.

*Foster v. Hill*, 497 F.3d 695, 697 (7th Cir. 2007). The Seventh Circuit also indicated that this court remanded this case to the state court as required by the Westfall Act, but that in remanding the action, we did not make any mention that the remand was because of a lack of subject matter jurisdiction. However, the Seventh Circuit construed the silence on the part of the district court, similar to the case in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007), to imply that the remand was due to lack of subject matter jurisdiction.

Once again, Hill has filed a petition asking the court to find that he was acting within the scope of employment. In the joint initial status report, the United States states that the case was once again properly removed to federal court pursuant to 28 U.S.C. § 2679(d)(3). In the joint initial status report, the United States also "seeks a denial of Hill's renewed petition that will allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal."

Since the facts presented in this case are the same as the facts presented in the earlier removal, we need not delay the adjudication of this matter by scheduling further briefings. Subject matter jurisdiction is conferred on the courts by Congress. We reaffirm our earlier decision finding that the Attorney General's decision relating to the issue of scope of employment was sound, and that our remand of the action was mandated pursuant to 28 U.S.C. § 2679(d)(3). The underlying action in this case is a tort action between two private individuals and jurisdiction was properly in state court. The only basis of removal to this court was pursuant to 28 U.S.C. § 2679(d)(3) to determine if the United States should be substituted as a party in the

| STATEMENT |
|---|

underlying action. Since removal was based upon 28 U.S.C. § 2679(d)(3), and we agreed with the Attorney General's decision, we remanded the action to the state court as mandated by the Westfall Act. In doing so, we effectively found that the United States could not be considered to be a party to the underlying action. Therefore, based upon the above, our jurisdiction to review the limited issue upon removal was pursuant to 28 U.S.C. § 2679(d)(3). Once we determined pursuant to the Westfall Act that the United States was not a party to this action, we did not have subject matter jurisdiction, without any other jurisdictional basis, over the underlying action of tort between two private individuals. Therefore, we reaffirm our earlier decision and for the same reasons stated in that decision we find that the Attorney General's decision that Hill was not acting within the scope of employment was sound. We dismiss the instant petition, and once again remand the action to state court. Based upon the foregoing, once we determined that the United States, in effect, is not a party in the underlying action, and the remand therefore is mandated pursuant to 28 U.S.C. § 2679(d)(3), which gave us jurisdiction to review this matter in the first place, without a separate basis for subject matter jurisdiction pursuant to statute or precedent decision on point, we conclude that the remand is based upon a lack of subject matter jurisdiction over the underlying action.